JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

17-cv-1500

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Paul E. Moore and
Elizabeth J. Moore

**DEFENDANTS**
United States of America

17   1500

**(b)** County of Residence of First Listed Plaintiff   Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Chester
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christian J. Hoey, Esquire   610-647-5151 - Tel
50 Darby Road
Paoli, PA 19301

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 2671 et seq
Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 50,000,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE   APR - 4 2017
SIGNATURE OF ATTORNEY OF RECORD   S.T.

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

UNITED STATES DISTRICT COURT

**17  1500**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 503 Sunset Lane, West Chester, Chester County, PA 19381

Address of Defendant: Chester County, PA

Place of Accident, Incident or Transaction: Coatesville VAMC - Chester County
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒
RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) VAMC personal injury

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)
I, Christian J. Hoey, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 4-4-17   Christian J. Hoey, Esquire   70999
             Attorney-at-Law               Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

APR - 4 2017

DATE: _____  _____  _____
              Attorney-at-Law       Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Paul E. Moore AND
Elizabeth J. Moore : CIVIL ACTION
v. :
United States of America : NO. 17 1500

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

4-4-17 | Christian J. Hoey, Esq. | Paul E. and Elizabeth J. Moore
**Date** | **Attorney-at-law** | **Attorney for**

610-647-5151 | 610-933-8472 | cjhoey@hoeylegal.com
**Telephone** | **FAX Number** | **E-Mail Address**

(Civ. 660) 10/02

APR - 4 2017

$400



# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL E. MOORE and<br>ELIZABETH J. MOORE<br><br>Plaintiffs<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant | **17  1500**<br><br>Civil Action No. _____ |

## COMPLAINT

Paul E. Moore ("Mr. Moore") and Elizabeth J. Moore ("Mrs. Moore") (collectively, "Plaintiffs"), by counsel, state as follows for their Complaint against Defendant, United States of America:

### Jurisdiction and Venue

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* This Court is vested with jurisdiction to adjudicate this dispute pursuant to 28 U.S.C. § 1346(b).

2. In compliance with 28 U.S.C. § 2675, Mr. Moore filed a notice of administrative claim with the Department of Veteran Affairs, attached hereto as Exhibit "A". That claim was received by the Department of Veteran Affairs on July 18, 2016.

3. In compliance with 28 U.S.C. § 2675, Mrs. Moore filed a notice of administrative claim with the Department of Veterans Affairs attached hereto as Exhibit "B". That claim was received by the Department of Veteran Affairs on July 18, 2016.

4. The Department of Veteran Affairs constructively denied Mr. Moore's claim on March 7, 2017.

5. Accordingly, Mr. Moore's claim is ripe to be litigated in this Court pursuant to 28 U.S.C. § 2675(a).

6. To date, no determination has been made as to Mrs. Moore's notice of administrative claim. Accordingly, Mrs. Moore's claim is ripe to be litigated in this Court pursuant to 28 U.S.C. § 2675(a).

7. Plaintiffs hereby certify that they are fully compliant with Pa. R. Civ. P. 1042.3. Plaintiffs' certificate of merit is attached hereto as Exhibit "C".

8. Venue is proper in this judicial district pursuant to 28. U.S.C. § 1402(b) and (because the cause of this action arose within the Eastern District of Pennsylvania at the Coatesville VA Medical Center ("Coatesville VAMC") in Coatesville, Pennsylvania.

9. At all time relevant to this action, the United States owned and operated the Coatesville VAMC and its affiliated outpatient care centers.

10. At all times relevant to this action, the agents, servants, employees, and personnel of the United States were acting within the course and scope of their employment in providing and/or failing to provide medical care and treatment to Mr. Moore.

11. At all times relevant hereto, Plaintiffs resided at 503 Sunset Lane, West Chester, Pennsylvania 19380.

12. Mr. Moore was a veteran of the United States Army, and thus he was entitled to care and treatment at the Coatesville VAMC and its affiliated outpatient care centers.

13. The medical care described as follows was provided to Mr. Moore at the Coatesville VAMC and/or its affiliated clinics unless otherwise stated.

### Allegations

14. Plaintiffs restate and re-allege paragraphs 1 through 13 as if fully stated herein.

15. On April 7, 2010, Mr. Moore presented to the Coatesville VAMC for his initial wellness visit and physical.

16. In conformity with Coatesville VAMC standards of care, a chest x-ray was completed during Mr. Moore's April 7, 2010 wellness visit.

17. The April 7, 2010 chest x-ray revealed the following ominous findings: "Widening of the upper mediastinum in the paratracheal regions concerning for mass or adenopathy. CT of the chest with contrast is recommended for further evaluation."

18. The April 7, 2010 chest x-ray was interpreted by Coatesville VAMC radiologist, Eric Netland, M.D. ("Dr. Netland").

19. At all times material to Mr. Moore's April 7, 2010 wellness visit and chest x-ray, Coatesville VAMC internist, Arun Sirohi, M.D., ("Dr. Sirohi") was the internist assigned to the care and treatment of Mr. Moore.

20. At no time following the April 7, 2010 chest x-ray interpreted by Dr. Netland, did Dr. Netland or Dr. Sirohi contact Mr. Moore to schedule a CT of the chest with contrast for further evaluation of the mediastinal mass.

21. Between April 7, 2010 and March 21, 2016, neither Dr. Netland nor Dr. Sirohi contacted Mr. Moore to advise of the April 7, 2010 mediastinal mass evidenced in the chest x-ray, nor did either physician schedule a CT of the chest with contrast to further evaluate the suspicious mediastinal mass.

22. For several months prior to March 21, 2016, Mr. Moore began to experience severe and debilitating pain in his left hip and femur.

23. On March 21, 2016, an MRI study of the left hip was conducted by Premier Imaging and interpreted by Amr-El Jack, M.D.

24. The March 21, 2016, MRI of the left hip/femur revealed the following disturbing findings:

    "extensive narrow lesions throughout the imaged lower lumbar spine, bony pelvis and bilateral proximal femurs consistent with metastatic disease or multiple myeloma. The largest mass involves the proximal left femur with extensive associated cortical brac-through and bony destruction. This presumably accounts for the patient's left hip pain."

25. On or about April 9, 2016, Mr. Moore underwent an intramedullary long TFN femur repair.

26. The April 14, 2016 surgical pathology report revealed the left femur bone biopsy to be positive for metastatic neuroendocrine tumor, with features indicating at least an intermediate degree of biologic aggressiveness. Moreover, the findings were consistent with bone metastases from the superior mediastinal mass which was originally imaged on April 7, 2010 at the Coatesville VAMC.

27. On or about June 8, 2016, Mr. Moore presented to the Chester County Hospital, Penn Medicine complaining of severe right hip pain. X-rays of the right hip revealed lytic lesions in the right femoral neck indicating impending pathological fracture. Subsequent to the above noted imaging study, Mr. Moore was diagnosed with metastatic neuroendocrine carcinoma in the right hip/femur.

28. On or about October 7, 2016, a CT chest angiography was performed at the Chester County Hospital - Penn Medicine. Said study revealed diffuse metastases in the chest, chest wall and lower neck, lung and airways, bones and mediastinum. Said diffuse nodes, nodules and lesions were declared metastatic from the primary mediastinum mass noted in the April 7, 2010 Coatesville VAMC chest x-ray. Between March 21, 2016 and present, Mr. Moore underwent several regimens of chemotherapy, additional surgical procedures and related

studies in an effort to arrest his metastatic neuroendocrine carcinoma.

29. At all times material hereto, Drs. Sirohi and Netland, along with the many Coatesville VAMC employees, agents and ostensible agents, failed to advise Mr. Moore of the presence of mediastinal mass in his April 7, 2010 chest x-ray.

30. Dr. Sirohi's failure to review the April 7, 2010 chest x-ray report and film caused him to fail to timely diagnose Mr. Moore's mediastinal carcinoma. Prior to March, 2016, Mr. Moore had no reason to believe that the medical care provided by the Coatesville VAMC, Dr. Sirohi and employees, agents and/or ostensible agents of the Coatesville VAMC was negligent or otherwise failed to meet the appropriate standard of medical care.

31. Mr. Moore relied upon each of the Defendant's misrepresentations, omissions, actions and inactions and negligence to his determent and was lulled in to a false sense of security and into permitting the two (2) year statute of limitations to lapse after the April 7, 2010 chest x-ray interpreted by Dr. Netland at the Coatesville VAMC without filing suit.

32. The Defendant is estopped from asserting any statute of limitations defense because of their misrepresentations, inactions, and negligence and because reasonable persons in the position of Mr. Moore would not have known of any negligence until after March, 2016, at the earliest.

33. This Complaint was filed within two (2) years of the day Mr. Moore first discovered, or through the exercise of reasonable diligence could have discovered the negligent medical care provided by each of the Defendant's employees, agents, servants and ostensible agents Dr. Sirohi, Dr. Netland and all the Defendant's agents collectively.

34. Had Mr. Moore's condition been properly and timely diagnosed on April 7, 2010, he would not have suffered harm and damages which he was forced to suffer as a result of the Defendant not timely diagnosing his condition.

35. As a direct and proximate result of the Defendant's negligence and failure to adhere to the standards of care required, Mr. Moore suffered a great deal of pain and suffering, has suffered and will continue to suffer loss of wages and diminished earning capacity, humiliation, disfigurement, emotional distress, embarrassment, mental anguish, denial of social pleasures, loss of enjoyment of life, unnecessary medical treatment, unnecessary therapy, unnecessary surgery, loss of life, has incurred medical expenses, lost wages and suffered such other losses which may become apparent, including but not limited to, funeral expenses and expenses related to the administration of his estate.

36. Mr. Moore's injuries are a direct result of the negligent care provided by Mr. Moore's healthcare providers at the Coatesville VAMC.

## **NEGLIGENCE**

37. Plaintiffs restate and re-allege paragraphs 1 through 36 as if fully stated herein.

38. As a provider of medical services to Mr. Moore, the United States and its agents, servants, employees and ostensible agents at the Coatesville VAMC and its affiliates, including but not limited to Drs. Netland and Sirohi owed Mr. Moore a duty to provide him medical care consistent with the governing standard of medical care.

39. The agents, servants, and/or employees of the United States at the Coatesville VAMC and its affiliates, including but not limited to Drs. Netland and Sirohi, while acting within the scope of their employment, violated the applicable standards of medical care in the following respects:

a. Negligent failure to review the April 7, 2010 chest x-ray and report;

b. Negligent failure to notify Mr. Moore of the ominous findings in the April 7, 2010 chest x-ray report;

c. Negligent failure to order a CT with contrast study to properly and timely diagnose the mediastinal mass imaged in the April 7, 2010 report;

d. Negligent failure to timely diagnose and treat the mediastinal mass noted in the April 7, 2010 chest x-ray report;

e. Negligent failure to appropriately interpret and report imaging studies performed on Mr. Moore;

f. Failure to properly, timely diagnose and treat Mr. Moore's neuroendocrine cancer primarily located in Mr. Moore's mediastinum;

g. Failure to contact Mr. Moore following the April 7, 2010 chest x-ray report;

h. Creating a false sense of security in Mr. Moore by failing to advise him of the presence of the mediastinal mass in the April 7, 2010 chest x-ray report;

I. Failing to diagnose and treat Mr. Moore's mediastinal mass and neuroendocrine cancer;

j. Failing to arrest Mr. Moore's mediastinal/neuroendocrine cancer prior to same invading his vascular structure, bony process, lymph system and surrounding organs;

k. Failing to arrest Mr. Moore's mediastinal/neuroendocrine cancer prior to it becoming metastatic disease;

l. As a direct and proximate result of the aforementioned negligence of the Defendant, Plaintiff's claim the following damages:

a. Compensation for pain, suffering, disfigurement, disability, mental anguish, emotional distress, and loss of life's pleasures;

b. Compensation for all economic damages, including medical bills and expenses, incidental expenses, loss of earnings, and loss of earning capacity;

c. Compensation for loss of consortium, companionship, and services;

d. Compensation for any other damages sustained by Plaintiff's as a proximate result of the negligence of the government's employees and/or agents.

WHEREFORE, Plaintiff's request that the Court grant judgment in their favor against the Defendant in the amount of Fifty-Million Dollars ($50,000,000.00), together with any other costs as they may be lawfully entitled to recover.

Date: 4/3/17

Respectfully submitted,

Christian J. Hoey, Esquire
50 Darby Road
Paoli, PA 19301
610-647-5151
610-933-8472 - Facsimile
cjhoey@hoeylegal.com
Counsel for Plaintiffs,
Paul and Elizabeth Moore

## ATTORNEY VERIFICATION

I, CHRISTIAN J. HOEY, Esquire, hereby swear or affirm that I am counsel for Plaintiffs, Paul E. Moore and Elizabeth J. Moore, and that I am authorized to make this statement on behalf of Plaintiff. I hereby verify that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. This statement is made subject to the penalties of 18 PA. C.S.A. §4904 relating to unsworn falsification to authorities.

Date:   April 3, 2017          By: _____
                                   CHRISTIAN J. HOEY, ESQUIRE
                                   Attorney for Plaintiffs,
                                   Paul E. and Elizabeth J. Moore

# EXHIBIT "A"

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO. 1105-0008

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| United States Department of Veterans Affairs<br>021B<br>810 Vermont Avenue, NW<br>Washington, DC 20420 | Paul & Betty Moore on behalf of Paul Moore<br>Claimaint's representative is David C. Williams, Esquire<br>Kline & Specter, P.C., 1525 Locust Street, 19th Floor<br>Philadelphia, PA 19102; 215-772-1000 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 04/18/1946 | Married | 02/01/2016 | N/A |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Delay in recognition, diagnosis, and treatment of cancer leading to metastasis.

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Paul Moore was caused to suffer pain and injury, including but not limited to back pain, leg pain, fracture of the left and right femur, and metastatic disease. On behalf of Mr. Moore's wife, Betty Moore, she has suffered loss of consortium. On behalf of Mr. Moore's children, Thomas Moore and Kimberly Barnes, they have suffered loss of comfort, affection, society, guidance and tutelage of their father.

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Betty Moore | 503 Sunset Lane, West Chester, PA 19380 |
| Thomas Moore | 503 Sunset Lane, West Chester, PA 19380 |
| Kimberly Barnes | 1101 New York Avenue, West Chester, PA 19380 |

**12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights) |
|---|---|---|---|
| | 50,000,000 | | 50,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| Betty J. Moore | 484-883-2986 | 7/6/2016 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001). |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15. Do you carry accident insurance?** ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No

N/A

**16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?** ☐ Yes ☐ No   **17. If deductible, state amount.**

N/A

**18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).**

N/A

**19. Do you carry public liability and property damage insurance?** ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

N/A

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

# EXHIBIT "B"

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| United States Department of Veterans Affairs 021B 810 Vermont Avenue, NW Washington, DC 20420 | Paul & Betty Moore on behalf of Paul Moore Claimaint's representative is David C. Williams, Esquire Kline & Specter, P.C., 1525 Locust Street, 19th Floor Philadelphia, PA 19102; 215-772-1000 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 04/18/1946 | Married | 02/01/2016 | N/A |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Delay in recognition, diagnosis, and treatment of cancer leading to metastasis.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Paul Moore was caused to suffer pain and injury, including but not limited to back pain, leg pain, fracture of the left and right femur, and metastatic disease. On behalf of Mr. Moore's wife, Betty Moore, she has suffered loss of consortium. On behalf of Mr. Moore's children, Thomas Moore and Kimberly Barnes, they have suffered loss of comfort, affection, society, guidance and tutelage of their father.

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Betty Moore | 503 Sunset Lane, West Chester, PA 19380 |
| Thomas Moore | 503 Sunset Lane, West Chester, PA 19380 |
| Kimberly Barnes | 1101 New York Avenue, West Chester, PA 19380 |

12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| | 50,000,000 | | 50,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 12a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| Betty J. Moore | 484-883-2986 | 7/6/2016 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001). |

| Authorized for Local Reproduction Previous Edition is not Usable 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007) PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2 |
|---|---|---|

| | INSURANCE COVERAGE | | |
|---|---|---|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property. | | | |
| 15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☐ No | | | |
| N/A | | | |
| 16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☐ No | | | 17. If deductible, state amount. |
| N/A | | | |
| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts). | | | |
| N/A | | | |
| 19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☐ No | | | |
| N/A | | | |

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in Item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

# EXHIBIT "C"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL E. MOORE and<br>ELIZABETH J. MOORE<br><br>Plaintiffs<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant | Civil Action No. _____ |

### CERTIFICATE OF MERIT AS TO DEFENDANT, UNITED STATES OF AMERICA

I, Christian J. Hoey, Esquire, a duly licensed attorney in the Commonwealth of Pennsylvania certify that:

The claim that the Defendant deviated from an acceptable professional standard is based solely upon allegations that other licensed professionals for whom this Defendant is responsible deviated from an unacceptable professional standard and that such conduct was a cause in bringing about the harm complained of.

Date: 4/3/17

_____
Christian J. Hoey, Esquire
50 Darby Road
Paoli, PA 19301
610-647-5151
610-933-8472 - Facsimile
cjhoey@hoeylegal.com
Counsel for Plaintiffs,
Paul and Elizabeth Moore